UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RHONDA HARRISON**                                 **CIVIL ACTION**

**VERSUS**                                          **NO. 20-2233**

**WALMART, INC., ET AL.**                           **SECTION D (4)**

### ORDER AND REASONS

Before the Court is the Motion for Summary Judgment filed by Walmart Louisiana, LLC.[1] Plaintiff Rhonda Harrison opposes the Motion,[2] and Walmart has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

### I.   FACTUAL BACKGROUND

This case arises from a falling display sign in a Walmart store. On April 14, 2019, Plaintiff Rhonda Harrison went to a Walmart store with her two granddaughters to purchase charcoal.[4] Harrison's five-year-old granddaughter was in the shopping cart,[5] while her eight-year-old granddaughter was on a restraint harness.[6] While Harrison reached down to pick up a bag of coal, she was struck on the head and foot by shopping display signage, consisting of a sign attached to a metal pole.[7] Harrison did not see the sign fall, and no other customers (other than

---

[1] R. Doc. 18.
[2] R. Doc. 21.
[3] R. Doc. 28.
[4] R. Doc. 18-4 at 2.
[5] R. Doc. 21-2 at 2 ¶¶ 6, 12.
[6] *Id*. at 2 ¶¶ 5, 11.
[7] *Id*. at 2-3 ¶ 13.

Harrison's granddaughters) were in the aisle.[8] Harrison was hurt by the falling object, and she sued Walmart for damages arising from her injuries.[9]

Walmart now moves for summary judgment.[10] To the extent Walmart's liability arises out of La. R.S. 9:2800.6, Walmart argues that that Harrison bears the burden of proving that neither she nor any other customer caused the merchandise to fall. Specifically, Walmart argues that Harrison cannot prove that either of her granddaughters did not cause the sign to fall, especially because Plaintiff did not see the object fall before she was struck. Walmart also argues that Harrison cannot prove that Walmart caused the sign to be put in an unsafe position. To the extent Walmart's liability arises out of La. Civ. Code art. 2317.1, Walmart argues that Harrison has no evidence that the sign was defective other than the fall itself, which is insufficient, or conjecture that the sign may have been placed unsafely. Walmart also argues that Plaintiff cannot prove that Walmart had sufficient notice of any defect in the signage such that the store may be held liable.

Harrison has filed an Opposition.[11] With respect to La. R.S. 9:2800.6, Harrison argues that one granddaughter was on a harness and the second granddaughter remained in the shopping cart at the time of the sign's fall, and therefore neither could have caused the sign to fall. Harrison also argues that the fact the sign fell, coupled with evidence that Walmart failed to properly inspect the sign, is sufficient to create an issue of material fact as to whether Walmart placed the sign in an unsafe

---

[8] R. Doc. 18-4 at 3-5; R. Doc. 21-2 at 3 ¶ 13.
[9] *See* R. Doc. 1-2 (petition for damages).
[10] R. Doc. 18.
[11] R. Doc. 21.

position. With respect to La. Civ. Code art. 2317.1, Harrison emphasizes that she may rely on circumstantial evidence of a defect. Harrison further argues that she can satisfy the notice requirement because Walmart should have known of the defect in the sign and Walmart failed to properly inspect the sign for defects.

Walmart has filed a Reply.[12] Walmart argues that, because the sign should not be considered "merchandise" La. R.S. 9:2800.6 is inapplicable. Instead, Walmart insists that only La. Civ. Code art. 2317.1 applies. As to La. Civ. Code art. 2317.1, Walmart again argues that Plaintiff has failed point to any evidence that the sign was defective other than the fact that the sign fell, and has failed to point to any evidence that Walmart had notice, constructive or otherwise, of any defect in the signage at issue. As to La. R.S. 9:2800.6, Walmart argues that Plaintiff has failed to point to any evidence that it caused the sign to be placed in a dangerous position, and it attempts to distinguish the cases cited by Harrison.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[13] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[14] While all reasonable

---

[12] R. Doc. 28.
[13] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[15] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[16]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[17] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[18] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[19] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[20]

---

[15] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[16] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248).
[17] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[18] *Id.* at 1265.
[19] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[20] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

### III. ANALYSIS

#### A.   Applicable Law

The Court first considers which statutes may give rise to Walmart's liability in this matter.  Two provisions are at play here:  La. R.S. 9:2800.6, which addresses a Louisiana merchant's burden to keep its store free from defects, and La. Civ. Code art. 2317.1, which provides liability for the custodian "of a thing" when that thing causes "damage occasioned by its ruin, vice or defect."  Liability under the statutes is not mutually exclusive, and courts have examined both statutes in determining whether a defendant is liable.[21]  Indeed, La. R.S. 9:2800.6 states that "[n]othing herein shall affect any liability which a merchant may have under Civil Code article[] . . . 2317."[22]  Accordingly, Civil Code article 2317.1 may apply whether or not La. R.S. 9:2800.6 applies.

The parties do not dispute that La. Civ. Code article 2317.1 applies to this dispute.[23]  The parties differ as to whether La. R.S. 9:2800.6 also applies.  In its Reply, Walmart argues that La. R.S. 9:2800.6(A) is not applicable because the sign which fell does not constitute "merchandise."[24]  Although La. R.S. 9:2800.6 is often referred to as applying to "falling merchandise" cases, its scope sweeps broader.  Indeed, the

---

[21] *See Thomas v. Caesars Entertainment Operating Co., Inc.*, 106 So. 3d 1279, 1282 (La. App. 4 Cir. 2013); *see also Holmes v. Great Atlantic Pacific Tea Co.*, 587 So. 2d 750, 752-53 (La. App. 4 Cir. 1991) (holding that La. R.S. 2800.6 does not provide an exclusive remedy for plaintiffs who are injured in stores); *McDuffie v. Hillstone Restaurant Grp., Inc.*, No. 16-6733, 2017 WL 4011205, at *2 (E.D. La. Sept. 12, 2017).
[22] La. R.S. 9:2800.6(D).
[23] *See* R. Doc. 28 at 1-2 (Walmart's Reply arguing that La. Civ. Code art. 2317.1 applies to this dispute, rather than La. R.S. 2800.6).
[24] The Court notes that this position is in some tension with the position taken by Walmart in its opening Motion, wherein it argues that this matter is a "falling merchandise" case and that La. R.S. 9:2800 applies.  *See* R. Doc. 18-1 at 3 ("The present case is a 'falling merchandise' case.").

term "merchandise" is absent from the statute. Rather, La. R.S. 9:2800.6(A) states that "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."[25] The statute therefore gives rise to liability for any "hazardous condition," not only falling "merchandise." Indeed, courts have held that this statute applies even where the object that fell and injured a plaintiff would not widely be considered "merchandise."[26] Accordingly, the Court finds that both La. R.S. 9:2800.6 and La. Civ. Code art. 2317.1 are applicable to this dispute.

### B. La. R.S. 9:2800.6(A)

The Louisiana Supreme Court has held that to succeed under La. R.S. 9:2800.6(A), a plaintiff must prove: "(1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, and (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall."[27] The first element is not disputed here.

---

[25] La. R.S. 9:2800.6(A).
[26] *Tripplett v. DG Louisiana, LLC,* 2020 WL 2219492, at *3 (E.D. La. May 7, 2020) (collecting cases).
[27] *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000).

As to the second element, Walmart argues that Harrison cannot prove that another customer, specifically Harrison's granddaughters, caused the sign to fall. The sole evidence that Walmart relies on in making this argument is that Harrison's back was turned at the time the sign fell.[28] Harrison has put forth evidence that (1) one granddaughter was in the shopping cart when the sign fell;[29] (2) another granddaughter was on a security harness when the sign fell;[30] and (3) no other customer was in the aisle at the time the sign fell.[31] The evidence in the record regarding the position of her granddaughters when the sign fell creates a material issue of fact as to whether Plaintiff may prove that no other customer was responsible for the fall. Tellingly, Walmart drops this argument entirely in its Reply. Accordingly, the Court does not find that summary judgment is warranted based on Harrison's inability to prove the second element under La. R.S. 9:2800.6(A).

As to the third element, Walmart argues that Harrison cannot prove that its negligence was the cause of the accident. In order to demonstrate that Walmart placed the merchandise in an unsafe position, Harrison relies upon: (1) the fact that the pole fell and hit her; (2) evidence that the pole should be "secured" if the Walmart employee properly set up the sign; and (3) evidence that Walmart failed to follow its safety procedures with the respect to the sign, or, alternatively, that Walmart's safety procedures regarding signs are inadequate to keep customers safe. Specifically, Harrison cites to the deposition testimony of Heidi Noel, Walmart's corporate

---

[28] *See* R. Doc. 18-2 at 5 (citing R. Doc. 18-4 at 3-4).
[29] R. Doc. 21-2 at 2 ¶¶ 6, 12.
[30] *Id.* at 2 ¶¶ 5, 11.
[31] *Id.* at 3 ¶ 17.

representative, who testified regarding how the sign is secured and that Walmart did not use bump tests to confirm that it was secured.[32]

This evidence is sufficient to create an issue of material fact as to Walmart's liability.  Indeed, it was almost the exact same evidence that the Louisiana Court of Appeals for the Fifth Circuit considered in *Mannina v. Wal-Mart Stores, Inc.*[33]  That case dealt with a woman who was injured while shopping in a Walmart when two wooden clocks fell on her head off of snap peg hooks used for hanging the clocks.  The Louisiana Court of Appeals for the Fifth Circuit held that the evidence was sufficient to support a judgment in favor of Plaintiff under La. R.S. 9:2800.6, where Plaintiff relied on the fact that the clocks had fallen off of the hooks in question and evidence indicated that Walmart's inspections to ensure the clocks were secure was only visual.  That evidence is largely parallel to the evidence Harrison cites to here.  Contrary to Defendant's contention, Louisiana courts do look to a merchant's policies and procedures regarding inspections in determining whether the merchant was liable.[34]  Accordingly, the Court finds that a material issue of fact exists as to whether Walmart's negligence was the cause of the accident.

---

[32] R. Doc. 24-1 at 20-21.
[33] 757 So. 2d 98 (La. App. 5 Cir. 2000).
[34] *See, e.g., Mannina,* 757 So. 2d at 103, *Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209, 214-15 (La. 1999); *Davis*, 774 So. 2d at 90 ("[T]hough evidence of adequate inspection and clean up procedures may yet be part of the merchant's burden to disprove negligence, evidence of the opposite is certainly relevant as part of the customer's burden to prove negligence: plaintiff customer will carry his or her burden if he or she can make a prima facie showing that inadequate or neglected inspection and clean up procedures left merchandise in such an unstable or precarious position that it falls from its stacked or displayed position to cause injuries to him or her.").

Because the Court finds that issues of material fact preclude summary judgment as to Walmart's liability under La. R.S. 9:2800.6, the Court does not reach Defendant's arguments regarding La. Civ. Code art. 2317.1.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED**.

New Orleans, Louisiana, April 5, 2021.

*(signature)*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**